UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
Midland/Odessa Division

| | |
|---|---|
| Sonny Ray Williams, § § § Plaintiff, § § Case Number 7:24-cv-285 v. § § Andrew R. Aguilar & § Joey Ray Rios. § § Defendants. | |

Sonny Ray Williams,

    Plaintiff,

v.

Andrew R. Aguilar &
Joey Ray Rios.

    Defendants.

Case Number 7:24-cv-285

## Complaint & Jury Demand

1. The Plaintiff, Sonny Williams, sues Defendants, Sheriff Andrew R. Aguilar and former Deputy Sheriff Joey Rios, pursuant to 42 U.S.C. § 1983 for unlawful search and seizure in violation of the Fourth Amendment of the United States Constitution.

2. The Honorable Court has original jurisdiction.

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2).

4. Plaintiff resides in Crane, Texas.

5. Defendant Sheriff Andrew Aguilar is the Sheriff of Crane County, Texas.

6. Defendant Aguilar became Sheriff of Crane County, Texas on or about January 1, 2017.

7. Defendant Aguilar's current term as Sheriff of Crane County ends December 31, 2028.

8. Defendant Aguilar hired Defendant Joey Rios as Deputy Sheriff.

9. Defendant Aguilar was responsible for the hiring, training and supervision of Defendant Rios.

10. Defendant Aguilar failed to adequately conduct a review of Defendant Rios' prior conduct and tendencies before hiring him to be a Deputy and Corporal of Crane County, Texas.

11. Defendant Aguilar is responsible for the official acts of all his deputies.

12. Defendant Rios has authority from Defendant Aguilar to engage as a deputy sheriff in Crane County, Texas.

13. In fact, Defendant Aguilar gave Defendant Rios supervisory authority as a Corporal.

14. Defendant Rios was given the authority by Defendant Aguilar to make stops, conduct searches and to make seizures.

15. Defendant Aguilar knew or should have known that Defendant Rios had prurient desires.

16. Defendant Aguilar did not remove Defendant Rios from his position even though Defendant Rios exhibited conduct that placed his judgment to comply with the U.S. Constitution and laws in question.

17. Defendant Aguilar failed to train and supervise Defendant Rios that he could not enter a home without a warrant.

18. Defendant Aguilar failed to train and supervise Defendant Rios that he could not plant surveillance equipment in another's home without a warrant.

19. Plaintiff is a Police Officer with the City of Crane, Texas.

20. At all times material, Plaintiff has been a Police Officer.

21. Defendant Rios was working for Defendant Aguilar on November 8, 2022.

22. On November 8, 2022, while Defendant Rios was working for Defendant Aguilar, he entered the home of Plaintiff without permission, without a warrant, and planted a surveillance device in Plaintiff's home.

23. Defendant Rios was being paid by Defendant Aguilar when he violated Plaintiff's Fourth Amendment Rights.

24. Defendant Rios was in uniform when he entered Plaintiff's home without permission, without a warrant and planted a surveillance device in Plaintiff's home.

25. Defendant Rios used a vehicle owned or controlled by Defendant Aguilar to drive to Plaintiff's home.

26. Plaintiff neither gave Defendant Aguilar nor Defendant Rios permission to enter his home and plant a surveillance device.

27. Defendant Rios while working for Defendant Aguilar placed the surveillance device under Plaintiff's couch.

28. The surveillance device captured Defendant Rios, in uniform, in the home of Plaintiff.

29. While in the home of Plaintiff while being paid by Defendant Aguilar, Defendant Rios searched Plaintiff's home.

30. While in the home of Plaintiff while being paid by Defendant Aguilar, Defendant Rios took Plaintiff's under garment.

31. While in the home of Plaintiff while being paid by Defendant Aguilar, Defendant Rios sniffed Plaintiff's under garment.

32. Defendant Rios entered Plaintiff's home, while on the clock working for Defendant Aguilar, to satisfy his prurient interests.

33. Since December 15, 1791, the law in the United States of America has clearly mandated that people, like Plaintiff, must be secure in their persons, houses, and effects as well as against unreasonable searches and seizures.

34. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Fourth Amendment of the United States Constitution.

35. Defendant Rios, while working for Defendant Aguilar, clearly violated the Fourth Amendment of the United States Constitution, when,

on November 8, 2022, he entered Plaintiff's home, searched it and seized Plaintiff's effects and left a surveillance device.

36. On or about November 10, 2022, Plaintiff discovered the surveillance device.

37. Plaintiff reported the unlawful search and seizure.

38. Defendant Rios admitted to the unlawful search and seizure while on the clock and working for Defendant Aguilar to the office of Defendant Aguilar.

39. 110 videos were on the surveillance device planted by Defendant Rios while he was working for Defendant Aguilar.

40. Defendant Aguilar's office relayed to Plaintiff that 110 videos were on the device.

41. Plaintiff felt unsafe in his home.

42. Plaintiff felt violated.

43. Plaintiff lost sleep because of the unlawful search and seizure.

44. Plaintiff felt pain because of Defendants actions.

45. Plaintiff has suffered harm as a result of Defendants actions.

46. Plaintiff sues Defendants pursuant to 42 U.S.C. § 1983.

47. Defendants clearly knew that entering a home without permission and without a warrant to satisfy one's prurient interests was a violation of the United States Constitution.

48. Defendant Rios knowingly and intentionally violated the Fourth Amendment of the United States Constitution on November 8, 2022 through on or about November 10, 2022 by entering into Plaintiff's home without permission, without a warrant, searching Plaintiff's home, seizing Plaintiff's belongings and invading Plaintiff's sacred privacy.

49. Defendant Rios could not have violated the law as it relayed to Plaintiff without Defendant Aguilar giving Defendant Rios a badge, uniform, gun, vehicle, monies and access to technology such as listening to the radio to determine Plaintiff would not be home.

50. Defendant Aguilar left much undone as it relayed to Defendant Rios. Specifically, Defendant Aguilar failed to adequately check Defendant Rios prior references and employment, failed to adequately supervise Defendant Rios and failed to adequately train Defendant Rios.

51. Under state law, Defendant Aguilar as a Sheriff is liable for the official actions of his deputies.

52. Defendant Rios was on duty when he violated the Fourth Amendment of the United States Constitution.

53. Plaintiff had a reasonable expectation of privacy in his home.

54. Defendant Rios entered Plaintiff's home in Crane County, Texas.

55. Plaintiff sues Defendants within two years of the violation and the discovery of the violation.

Wherefore, Plaintiff demands judgment, trial by jury, compensatory damages, punitive damages, nominal damages if monetary damages are unavailable, attorneys' fees, costs and any other relief deemed appropriate and just.

Respectfully submitted this 7th day of November 2024,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Texas Bar Number 24066628
Mazaheri & Mazaheri
P.O. Box 656
Frankfort, Kentucky 40602
Email - bernie@thelaborfirm.com
Tel – (502) 475-8201

*Attorney for Sonny Williams*